## ANGELL SWEET *vs.* R. S. & F. W. WOOD.

Where a firm used horses in carrying on their business in the ordinary way, and one member hired a horse, stating that the firm wanted it to use in their business for a few days, the hiring is within the scope of the partnership business, and the firm is liable for the use of the horse whether used in the partnership business or not.

One partner is the agent of his copartner in all matters within the scope of the

partnership ; and as such agent, his declarations are sufficient to bind his co-partner whether in accordance with the fact or not.

A request to instruct the jury that if they found that the hiring of a horse was not necessary for the carrying on of the partnership in the ordinary way, the firm was not *prima facie* liable for the hiring by one partner alone, was properly refused.

A request to instruct the jury that one partner could not without authority from the other member of the firm bind it on an implied contract, not in any way connected with its business, was erroneous. A qualification to such request, that if the partner declared, when he hired the horse, that it was for the benefit of the partnership, it would be responsible, was correct.

It is the province of the jury to judge of the credibility of the testimony and to determine its weight ; and unless it is clear that they have made a mistake, or have been swayed by passion, partiality, corruption, prejudice or sympathy, so that their verdict is strongly against the evidence, the intervention of the court is unwarrantable.

Hence, where a verdict is supported by the testimony of the plaintiff and that testimony is denied by that of one of the defendants, though there are circumstances which may or may not, according to the view taken of them, tend to corroborate the testimony of the latter, the verdict will not be disturbed.

DEFENDANTS' petition for a new trial.

Assumpsit for the use of a horse let to hire.

*October* 18, 1893. MATTESON, C. J. The defendants petition for a new trial on the ground of erroneous rulings and also because the verdict is against the evidence.

The testimony shows that the defendants, as copartners, were engaged in keeping a general store in Burrillville, and that they had occasion to use horses in carrying on their business. The plaintiff testified that Frank W. Wood, one of the defendants, came to him and stated that they, the defendants, were in need of a horse and would like to get his to use for a few days ; that he consented to such use and that said Wood thereupon took the horse away. This, however, was denied by Wood, who testified that he asked the plaintiff for the use of the horse for one Walden in his laundry business, and that with the plaintiff's permission he took the horse to Walden's stable ; that Walden continued to use the horse for several months to the plaintiff's knowledge ; that the plaintiff, at different times took the horse from Walden's stable and returned him there when he had done using him.

The defendant requested the court to instruct the jury that if they found that the hiring of the horse was not necessary

for the carrying on of the partnership business in the ordinary way, the firm was not *primâ facie* liable for the hiring by one partner alone. The request was refused and the defendants excepted.

We think the request was properly refused. As the use of horses was necessary for carrying on the partnership business in the ordinary way, the hiring of a horse for that purpose was clearly within the scope of the partnership business. The rule is too well established to admit of question that the acts, admissions and declarations of a partner, during the existence of the partnership, while engaged in the transaction of its business, *or relating to matters within its scope,* are evidence against the firm. 17 Amer. & Eng. Encyc. Law, 1077, and cases cited in note 2. It was wholly immaterial whether as a matter of fact the hiring of a horse was or was not necessary for carrying on the business of the firm in the ordinary way, for being within the scope of the partnership business, and, therefore, within the authority of one partner to bind the firm, the firm would be bound by the declaration of the partner that the firm needed the horse for the transaction of its business, whatever the fact might be.

The defendants also requested the court to instruct the jury that one partner could not without authority from the other member of the firm bind it on an implied contract, not in any way connected with its business, or for its benefit. The court gave the instruction, with the qualification that if the partner declared when he hired the horse that it was for the benefit of the partnership it would be responsible. To this qualification the defendants excepted.

We think the instruction requested, in view of the testimony, was erroneous and that the qualification of it was correct. The request was erroneous, in that it assumed, contrary to the evidence, that the hiring by one partner was unauthorized by the other. It was not unauthorized by the other, because, as we have seen, it was within the scope of the partnership business, and one partner is the agent of his copartner in all matters within the scope of the partnership business. As such agent, his declarations are sufficient to

bind his copartner whether in accordance with the fact or not.

The verdict is supported by the testimony of the plaintiff. Though this testimony is denied by that of the defendant Frank W. Wood, and though there are circumstances which may, or may not, according to the view taken of them, tend to corroborate the testimony of the latter, it is the province of the jury to judge of the credibility of the testimony and to determine its weight. Unless it is clear that they have made a mistake, or have been swayed by passion, partiality, corruption, prejudice or sympathy, so that their verdict is strongly against the evidence, the intervention of the court is unwarranted.

Defendants' petition for a new trial is denied and dismissed.

*Willard B. Tanner & Edward L. Gannon*, for plaintiff.
*Samuel S. Stone & Edward F. Lovejoy*, for defendants.